IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD McNEILL,                        :
      Plaintiff
                                   :

      vs.                              :   CIVIL NO. 1:CV-05-0238

JO ANNE B. BARNHART,                   :      (Judge Caldwell)
Commissioner of Social
Security Administration,               :   (Magistrate Judge Mannion
      Defendant

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      This is an action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) to review the decision of Defendant, the Commissioner of the Social Security Administration, denying Plaintiff's application for supplemental social security income under the Social Security Act.  We are considering Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge which recommends that we deny Plaintiff's appeal.

      The Plaintiff, Harold McNeill, has raised two objections to the Magistrate Judge's report.  His first objection contends that the Magistrate Judge erred in concluding that the Administrative Law Judge (ALJ) adequately explained his reasons for determining that the Plaintiff did not meet the requirements of a listed impairment.  He contends that there is substantial

medical evidence to show that he meets the requirements of Sections 1.04, 12.02, and 12.04 of the Social Security listings. The Defendant maintains that the ALJ adequately explained his findings and that the Plaintiff has failed to demonstrate that he meets the requirements of Sections 1.04, 12.02, and 12.04.  We reject the Plaintiff's first objection.

Section 1.04 relates to disorders of the spine, Section 12.02 to organic brain disorders, and Section 12.04 to affective disorders.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  There is documentation in the record which indicates that the Plaintiff has complained of back pain, but, as correctly noted by the ALJ, there is little medical evidence to support his claim.  Tylenol and Vicodin were the only treatments received by McNeill for his back and the only x-ray in the record showed that Plaintiff's spine was normal.  (Tr. 112, 114, 180, 236, 238, 240, 242).  In his decision, the ALJ adequately explained that the lack of evidence led him to conclude that the Plaintiff had not establish a lower back disorder.  (Tr. 21).

The record contains more evidence pertaining to McNeill's mental health problems.  While it is clear that Plaintiff has suffered from depression and panic disorder, the limited medical history provided demonstrates that he has derived benefit from treatment.  (Tr. 169, 173-78).  In addition, as noted by the Magistrate Judge and the ALJ, McNeill has failed to

2

produced any opinions or findings that support his contention that he meets the criteria for either 12.02 or 12.04.  It is clear from the ALJ's decision that he considered these factors in making his determination that McNeill does not meet the requirements of a listed impairment.

Plaintiff's second objection is that the Magistrate Judge erred in concluding that the ALJ correctly determined that McNeill retains the residual function capacity to perform light work.  He contends that this is contrary to the ALJ's previous conclusion that Plaintiff was limited in his ability to perform light work.  However, as noted by the Magistrate Judge, the Vocational Expert (VE) testified that even with the limitations found by the ALJ, there were still jobs categorized as light that the Plaintiff could perform.  (Tr. 276-7).  Plaintiff also contends that the VE failed to testify as to the availability of the remaining light duty jobs in his community.  Yet the VE testified that there were approximately 21,000 in existence in the Southeast Massachusetts and Rhode Island area.[1]  (Tr. 277). Finally, contrary to Plaintiff's assertions, there has been no medical opinion offered that he is disabled.  While there is evidence that McNeill suffers from medical problems, there is

---

[1] The Plaintiff's hearing was held in Rhode Island, which is where he resided when he filed his claim.

3

little to indicate that these problems completely prohibit him from working.

     AND NOW, this 20th day of March, 2006, upon consideration of the report of the Magistrate Judge, filed January 27, 2006 (doc. 7), to which two objections were filed, and upon independent review of the record, it is ordered that the Magistrate Judge's report is adopted.  It is further Ordered, pursuant to the Magistrate Judge's recommendation, that Plaintiff's appeal is denied.  The Clerk of Court shall close the file.

                                        <u>/s/William W. Caldwell</u>
                                        William W. Caldwell
                                        United States District Judge